[S. F. No. 13459. In Bank.—July 13, 1931.]

CHARLES ALBERTSON, Appellant, v. BELLE BROOKS, Respondent.

F. W. Sawyer for Appellant.

Emilio Lastreto for Respondent.

PRESTON, J.—Action to recover upon two liens for labor and material furnished in the construction of a building for defendant. The complaint set forth two causes of action, the first of which was settled and paid and need not be discussed. The second cause of action alleged that there remained due from defendant to plaintiff's assignor, hereinafter referred to as plaintiff and appellant, the original contractor, a balance of $2,500 representing the unpaid portion of the contract price of $7,500 plus the reasonable value of extras furnished by plaintiff. Defendant filed an answer and also a counterclaim and cross-complaint, alleging damages in various amounts for the failure of plaintiff to complete the building within the agreed time and to settle claims for labor, etc.

Findings were waived by the parties and the trial court gave judgment decreeing among other things that plaintiff take nothing on his said second cause of action and that defendant take nothing by her counterclaim and cross-complaint. From that portion of the judgment so decreeing plaintiff has appealed upon various specifications of insufficiency of the evidence.

We find his contention to be without merit; hence a brief statement will suffice to dispose of the case. The record shows that the parties entered into an unrecorded contract whereby appellant agreed to erect the building for $7,500. However, various problems of construction necessitated departures from the specifications. Some of the changes made no material difference in cost and were properly included in the contract price; others

were paid for by respondent. According to appellant's *résumé* of the alleged accounting between the parties, the contract price was $7,500; reasonable value of extras $5,215.48, total $12,715.48—paid by respondent direct to contractor $6,117.86 and to others for extras $1669.63— Total $7,787.49. Appellant therefore claims a balance due him of $4,927.99; yet his recorded lien, the basis of his second cause of action, made claim for $2,500 only.

Respondent does not deny that the changes were made, but claims that she has paid the full amount due. Her testimony, with that of the other witnesses, affords ample and sufficient support for the action of the trial court. The reasons for the various changes, some due to alleged errors of construction on the part of appellant, and the differences in cost which they entailed, are given in detail. The evidence shows further that the building was not finished until 154 days had elapsed after the 120 days allowed by the contract for its completion, no good excuse appearing for the delay. The realtor who represented appellant at the time the contract and specifications were drawn up and who watched the progress of the work continually, corroborated in many particulars the testimony of respondent. Respondent testified that appellant's slowness and failure to pay bills all but compelled her to dismiss him.

There was received in evidence a receipt in full to respondent, signed by appellant, covering all labor, material and other expenses incurred in the erection of said building. Appellant claimed that respondent visited him one night and asked him to sign his name to a blank piece of paper so she could see how he did it, above which signature was later inserted the wording of the receipt. The court, however, was thoroughly justified in believing the testimony of respondent and her witnesses to the effect that she herself typed the receipt a couple of days before signature, submitted it to said realtor for approval and that at the time of signature appellant approved the paper and stated that all bills had been paid.

There is no merit in the contention that the settlement of the first cause of action by payment of $360 upon the alleged labor lien of R. Albertson, conclusively established the fact that all bills had not been paid by respondent; hence the receipt in full from him and if he knew that there was an un-

120

paid labor claim, he should have then so advised her and refused to sign. The settlement of the first cause of action, viewed in the light of the evidence and the further provisions of the judgment, establishes no more than this and shows no inconsistency in the action of the court below. As above stated, there is to our mind no doubt whatsoever of the sufficiency of the evidence to uphold the decree.

The judgment is affirmed.

Langdon, J., Shenk, J., Richards, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.